THE STATE TREASURER *v.* JOSEPH FRIOTT AND WILLIAM Y. WEIGHTMAN, ADM'RS OF THE ESTATE OF GUY FLETCHER.

*Scire Facias. Misjoinder. Demurrer. Judgment.*

Scire facias against one of two joint recognizors, and the administrators of the other, is clearly a misjoinder, and may be taken advantage of on demurrer, where it appears upon the face of the declaration.

State Treasurer *v.* Friott et al.

SCIRE FACIAS against one of two joint recognizors, and the administrators of the other. The defendants demurred to the declaration. County court, September term, 1851. The court adjudged the same to be insufficient, and rendered judgment for the defendants to recover their costs. Exceptions by the plaintiff.

The facts in the case fully appear from the briefs and opinion of the court.

*Geo. F. Houghton* for plaintiff.

This is a judicial process issued against the defendants, citing them to show cause why the State Treasurer should not have an execution against the said Joseph Friott and an execution against the goods and chattels and estate of one Guy Fletcher, deceased, now lodged in the hands of William Y. Weightman, administrator of said Fletcher.

It is based upon an antecedent judgment rendered by default, and the plaintiff contends,

1. That a *scire facias* lies only to obtain execution of a judgment, or in personal actions, to revive a judgment. It lies not at common law; but it was first introduced, and its nature declared, by the statute.

2. The stringent rules of pleading relative to the non-joinder or misjoinder of parties, can, therefore, have no bearing upon this kind of process. Although one principal and the administrator of the other are cited into court in one citation, it does not follow that they must be included in one judgment or one execution. The prayer of the *scire facias* is, that the State Treasurer may have an execution against Friott, and may also have one against the goods, chattels and estate of Fletcher, now in the custody of his administrator.

3. Whenever there is a change of parties, by marriage, bankruptcy or death, whereby other persons become interested in the execution of the judgment, a *scire facias* is necessary to make such new person a party to the judgment.

As for instance, where a feme sole plaintiff, after a report of referees in her favor, married, and a judgment was entered upon the report and execution issued, without a *scire facias* having been issued to make the husband a party, the execution was set aside for irregularity. *Johnson* v. *Parmlee.* 7 Johnson's R. 271.

Green et al. *v.* Clark.

*H. E. Royce* for defendants.

1. The action of *scire facias* is governed by the rules of pleading applicable to other actions, *ex contractu,* and we believe the law is well established, that where the contract counted upon was joint and several, the executor or administrator of a deceased party cannot be joined with the survivor. 1 Chitty on Pleading, p. 30.

2. That a misjoinder of this kind can be taken advantage of by demurrer, where the objection appears on the face of the pleadings, we believe is equally well established. 1 Chitty's Pleading, 44 and 203.

3. The State is to be treated like any other creditor of the intestate. Hence it follows, that the allowance of the claim declared on by the commissioners appointed to allow claims against the estate, was a prerequisite to the right of recovery thereon.

BY THE COURT. This is a *scire facias* against one of two joint recognizors, and the administrators of the other.

This is clearly a misjoinder and may be taken advantage of on demurrer, when it appears upon the face of the declaration. The plaintiff can have but one judgment, and that judgment must be against both defendants, and no judgment of that kind could properly be rendered against both these defendants, as one of them is not personally liable.                    Judgment affirmed.